Chief Justice Robertson,
delivered the opinion of the Court.
This is an action of ejectment in which it will be necessary to consider only two questions. 1st. Did the circuit court err in permitting the lessor of the plaintiff to read on the trial a deed made to him, in the names of the guarrantee’s heir-., by a commissioner, under a decree rendered in a suit in chancery against the said heirs as non-residents? 2nd. Was there error in the refusal of the Gourt to instruct the jury to disregard a paper marked A, referred to in a deposition read by the defendant in the action, plaintiff here, and which he moved the court to exclude, or to instruct the jury to disregard, because it was, in his opinion, irrelevant and was introduced by the lessor on cross examination of the witness?
1. The deed ifras objected to as inoperative and therefore irrelevant for two reasons — 1st. because the decree under which it was made has not allowed the heirs time to make it in their own proper persons — 2nd, because the deed was not executed by the commissioner, in his own name, but the names of the heirs, instead of his own name, had been subscribed to it by him. The first objection to the deed woidd be formidable in a direct proceeding for reversing the decree. But it cannot prevail when made, as in this case, incidentally or collaterally *271 It may shew that the decree was erroneous, but it does not prove that the decree was void. If the par. ties were properly before the court, the had jurisdiction, and his decree, however premature or irregular, is not void. A statutory deed will be ineffectual, unless it be made in the manner prescribed by the statute — such, for example, is a deed made by commissioners appointed bv a county court. In such a case, the county court acts ministeriallv — its only power is derived from the statute, and therefore its acts will be void if they be not conformable to the requisitions of the statute. But the X deed, in this case, is not a statutory conveyance. Tlie chancellor had jurisdiction, independently of any statute, to compel the holders of the legal title to convey it. The statute only authorized the substitution of a commissioner on a certain contingency, The power of the chanceller to coerce a conveyance, being original and judicial, his decree cannot be void merely, because, in the exercise of that power, he has taken hold of statutory aid, irregularly or prematurely. Such irregularity or precipitancy might be sufficient for reversing the decree, but nevertheless, until reversed, it must be deemed valid, if the heirs were regularly in court when it was rendered: and we canuot presume that they were not before the court by regular constructive service of process, but should rather presume the contrary, as the whole record, in the chancery suit, has not been exhibited.
a statutory deed is inefthe* manner prescribed by the stajutlr A ITliWiP commis.doners api,ointec' by a iS°aStatutory deed.
Deed made a commisdecree^val- ^ whether be subscribe his own missioned 0r that of the *i‘]e 'whose e oon'
2. The other objection to the deed is novel if not fatal. It presents-a point which has never been directly decided by this court. Shall a commissioner subscribe his own name, or that of the party for whom he acts? What is the question now raised? Our answer is that the validity of such a judicial conveyance does not depend essentially on the mode of signing it. It is the decree directing the conveyanee, and afterwards approving of it, which gives legal operation and effect to it. If the commissioner subscribe his own name to the deed, he does it for the party whose title is conveyed, and the decree, directing the conveyance will then pass the title. If the commissioner subscribe the name of the party holding the title, will not the decree give the con *272 veyance all the effect which the signature of the par-* ty himself could have imparted to it? In each forra of conveyance the commissioner acts merely as the of the court, and agent of the party; and a conveyance in either form, is a conveyance by the party of all his right, as long as the decree shall stand. The decree directs the commissioner to convey the title of the party — and whether he puts his own name or that of the party to the deed, he does, by his conveyance, in execution of his delegated power, transfer all the right which the court, by its decree, could transfer — and conveys the title of the party, and for the party, as far as the court had power to pass it.
irrelevant a per shou'lilPbe excluded irotn the jury.
John Trimble, for plaintiff; Brown, defendant.
But the demise was laid on the first of September, 1828, and the deed was not made until November the 25th, 1828 Wherefore, as the deed did not tend to show title at the date of the demise, it was inadmissible evidence.
H- The circuit court erred in not excluding paper A from the jury. Its relevance cannot he perceived, It was introduced by the lessor — and the only proper m()f|e Gf avoiding any effect which it might have had on the jury, was that adopted by the plaintiff in error — that is, to move the court to exclude it, and to instruct the jury to disregard so much of the deposition as related to it.
Wherefore, the judgment is reversed, and the' cause remanded for a new trial.